UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**Constitution Pipeline Company, LLC,**

                      **Plaintiff,**

v.                                          Case No. 1:14-CV-2112 (NAM/DJS)

**A Permanent Easement for 1.06 Acres and a Temporary Easement for 0.99 Acres in Afton, Chenango County, New York, Tax Parcel Number 290.-1-11.1, and Stephen J. Gabaly, et al.,**

                      **Defendants.**
_____

Elizabeth U. Witmer, Esq.
Sean T. O'Neill, Esq.
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
*Attorneys for Plaintiff*

Stephen J. Gabaly
128 McFall Road
Apalachin, NY 13732
*Defendant*

**Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION & ORDER

**I.    INTRODUCTION**

     Now before the Court is Plaintiff Constitution Pipeline Company, LLC's Motion for Summary Judgment on the issue of just compensation owed to Defendant Stephen J. Gabaly. (Dkt. No. 28). Defendant was personally served with the motion, but he has not responded. (Dkt. No. 29). Indeed, Defendant has not appeared in this action at all.

## II.     BACKGROUND

### A.  Procedural History

Plaintiff commenced this action in 2014 by seeking condemnation of numerous properties owned by landowner Defendants in this case and others, for the purpose of constructing a natural gas pipeline (the "Pipeline Project"). (Dkt. No. 1). On February 21, 2015, the Court granted Plaintiff's motions for partial summary judgment and a preliminary injunction, thereby giving Plaintiff a permanent right of way and easement on Defendants' properties for the pipeline, as well as temporary easements for pipeline construction and maintenance. (Dkt. Nos. 16, 17, 20). Plaintiff also posted bonds as security for the payment of just compensation to Defendants. (*Id.*). However, the Pipeline Project was later abandoned, and it is now permanently cancelled. (*See* Dkt. No. 24). Therefore, on September 17, 2020, the Court dissolved the injunction for the pipeline, vacated the related orders, and ordered that all cases proceed to trial on the issue of compensation due to the landowners for the taking that occurred. (Dkt. No. 33).

### B.  Undisputed Facts[1]

Plaintiff had a possessory interest for Rights of Way on 2.05 acres of Defendant's 53.81-acre property from March 3, 2015 until the dissolution of the injunction for the Pipeline Project on September 17, 2020 (the "Temporary Taking"). (Dkt. No. 28-2, ¶¶ 10, 16). Thereafter, Plaintiff obtained an appraisal of the property from CNY Pomeroy Appraisers, Inc. which determined that: 1) the Temporary Taking had no impact on the market value of the property, which remained at $97,000 for the entire 53.81 acres; and 2) the fair rental value of the 2.05-acre portion of land subject to the Temporary Taking was $2,200 at its highest and best use.

---

[1] Because Defendant has not responded to Plaintiff's Statement of Material Facts, the facts herein are deemed admitted to the extent they are supported by the record. *See* N.D.N.Y. L.R. 7.1(a)(3).

(*Id.*, ¶¶ 17–18) (citing Dkt. No. 28-8).  The fair rental value was calculated as 10% of the market value of the property ($1,800 per acre) per year.  (*Id.*, ¶ 17).  The professional appraisal was provided to Defendant, who did not respond or counter with any other figure.  (*Id.*, ¶¶ 17–18).  Defendant also failed to respond to Requests for Admission on the issue of compensation, thereby admitting the above facts, and further, that the Temporary Taking did not cause any other harm, loss, or damages to him or his property.  (*Id.*) (citing Dkt. Nos. 28-9, 28-10).

### III.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial."  *Anderson*, 477 U.S. at 248, 250.  "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).  "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).

IV. **DISCUSSION**

Plaintiff argues that it is entitled to summary judgment on the issue of just compensation because there is no genuine issue of material fact as to the measure and amount of just compensation owed to Defendant. (Dkt. No. 28-3). Specifically, Plaintiff contends that Defendant is only owed compensation for the fair rental value of the property subject to the Temporary Taking, a sum of $2,200. (*Id.*, pp. 11–15).

Typically, the measure of just compensation in a partial taking case is "the difference between the value of the land before the taking and its value after the taking." *U.S. v. 25.202 Acres of Land and building affixed to land located in Town of Champlain, Clinton County, N.Y.*, 860 F. Supp. 2d 165, 179 (N.D.N.Y. 2010). But in the case of a *temporary* taking, the usual measure of just compensation is "the fair rental value of the property for the period of the taking." *Yuba Nat. Resources, Inc. v. U.S.*, 904 F.2d 1577, 1581 (Fed. Cir. 1990) (citing cases).

Here, the undisputed facts show that 2.05 acres of Defendant's property was subject to a Temporary Taking from March 3, 2015 until September 17, 2020—when the Pipeline Project was abandoned and the related injunction dissolved. The undisputed facts further show that the fair rental value of this property for the period of the Temporary Taking was $2,200, and that the Temporary Taking had no impact on the market value of the property as a whole. Defendant has not submitted any evidence of harm, loss, or damages caused by the Temporary Taking.

Accordingly, the Court finds that Plaintiff is entitled to judgement as a matter of law as to the measure and amount of just compensation owed to Defendant—that being $2,200 as the appraised fair rental value of the 2.05-acre portion of Defendant's property subject to Plaintiff's Temporary Taking for the Pipeline Project.

V.     **CONCLUSION**

Wherefore, it is hereby

**ORDERED** Plaintiff's Motion for Summary Judgment (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED** that Judgment is entered against Plaintiff Constitution Pipeline Company, LLC and in favor of Defendant Stephen J. Gabaly in the amount of $2,200, as just compensation for the taking that occurred in connection with the condemnation in this action; and it is further

**ORDERED** that Plaintiff shall provide confirmation that payment has been tendered to Defendant, at which time the Judgment shall be marked as satisfied, the bond that was posted shall be released, and the case closed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision & Order on the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:   January 5, 2022
        Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge